**Jean C. SAWYER, as Executrix of and under the Last Will and Testament of John Brewster Sawyer, deceased, Plaintiff,**

**v.**

**SOARING SOCIETY OF AMERICA, INC., Schweizer Aircraft Corp., and Paul C. Schweizer, Defendants.**

United States District Court
S. D. New York.
Jan. 13, 1960.

Speiser, Quinn & O'Brien, New York City, Robert A. Dwyer, New York City, of counsel, for plaintiff.

McDowell & McDowell, Elmira, N. Y., Robert P. McDowell, Elmira, N. Y., of counsel, for defendants.

LEVET, District Judge.

The defendants move to dismiss this action because of lack of jurisdiction over the corporate defendants.

It appears that the residence of the plaintiff is in California; that the defendant, The Soaring Society of America, Inc., is a Delaware corporation with its principal office in the City of Elmira, State of New York, in the Western District of New York; that the defendant, Schweizer Aircraft Corp., is incorporated in the State of New York and has its principal office in the City of Elmira, County of Chemung, in the Western District of New York; and that the defendant, Paul A. Schweizer (sued herein as Paul C. Schweizer) is a citizen of the State of New York, having his residence in the County of Chemung, in the Western District of New York.

The cause of action is based upon an accident occurring in the State of California, in which it appears that the plaintiff's decedent was killed while operating a glider which collided with another glider.

Section 1391 of Title 28 U.S.C.A. is as follows:

" § 1391.  Venue generally

" (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as other-

wise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

" (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

" (d) * * *"

Section 1392 of Title 28 U.S.C.A. is as follows:

" § 1392. Defendants or property in different districts in same State

" (a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

"(b) Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts."

This motion is made under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. According to the defendants' notice of motion, the grounds upon which they rely are substantially as follows:

1. That the defendant The Soaring Society of America, Inc. is a corporation organized under the laws of Delaware and was not and is not subject to service of process within the State of New York. Apparently, the defendant claims it did not qualify to do business, has not and does not do business in the State of New York. Hence, that no jurisdiction in New York exists.

2. That the defendant Paul A. Schweizer does not reside in the Southern District of New York; that neither of the corporate defendants is incorporated in or licensed to do business or is doing business in the Southern District of New York; that defendant Schweizer Aircraft Corp. has its principal office in Elmira, New York, and that, hence, the district chosen is improper.

In ascertaining the facts alleged by the parties here, I have examined and considered the complaint, the affidavits of Paul A. Schweizer, sworn to September 28, 1959, December 4, 1959 and January 11, 1960 respectively, the affidavit of Robert P. McDowell, sworn to September 28, 1959, the plaintiff's interrogatories to defendant Schweizer Aircraft Corp., dated November 16, 1959, the plaintiff's interrogatories to defendant The Soaring Society of America, Inc., dated November 16, 1959, the answers of each of these two corporate defendants to such interrogatories and the supplemental affidavit of Harner Selvidge, sworn to November 23, 1959.

From such papers, the relative jurisdictional facts insofar as the status of the defendants is concerned emerge as follows:

*1. Defendant Paul A. Schweizer*

Defendant Paul A. Schweizer resides in Elmira, New York, which is in the Western District of New York.

*2. Defendant Schweizer Aircraft Corp.*

Defendant Schweizer Aircraft Corp. was incorporated in New York on December 4, 1939, and is incorporated in no other state. Its primary purpose is the manufacture and sale, etc. of gliders and sailplanes for individuals and clubs. The officers all reside in the Western District of New York.

The only plant of this defendant was in Chemung County, New York. No brokers, agents or employees were engaged or employed in the Southern District of New York. The defendant receives orders for "supplies" at its Elmira office from various areas in Chemung County and the State of New York. They are manufactured in Chemung County and sold on an F.O.B. Elmira basis. All orders, it is said, must be approved and accepted at Elmira. The defendant had no banking connections in the Southern

District of New York; it had no affiliate or subsidiary within the Southern District of New York.

As of August 17, 1959, the defendant Schweizer Aircraft Corp. had only the following accounts receivable from sales, all made at the Elmira plant:

(a) Finnish Boats & Yachts, 122 East 42 Street, New York, N. Y. (Southern District of New York) ($434.55);

(b) Aerobilt Bodies, Athens, New York ($5,350);

(c) Hudson Valley Aircraft, Middletown, New York (Southern District of New York) ($1,906.73);

(d) MAK Industries, Inc., 1938 Park Avenue, New York, N. Y. (Southern District of New York) ($202.66).

The defendant Schweizer Aircraft Corp. solicits business through the mails, but all orders are received in the County of Chemung and are accepted or rejected there and shipped on an F.O.B. Elmira basis.

The defendant sells sailplanes F.O.B. Elmira to Aviquipo, Inc., 25 Beaver Street, New York, N. Y. Aviquipo, Inc. exports to foreign countries only. When Aviquipo, Inc. makes a sale, an order is sent to Schweizer Aircraft Corp., which fills the order after acceptance.

Except for the above, the defendant for three years prior to August 17, 1959 engaged in no activity related to the Southern District of New York.

### 3. Defendant The Soaring Society of America, Inc.

The President of The Soaring Society of America, Inc. lives in California. The Soaring Society of America, Inc. was incorporated in the State of Delaware in 1932. The defendant had a resident agent in Wilmington, Delaware, and its principal office or place of business was designated as Box 71, Elmira, New York. It is not incorporated in New York (or California) and it has no license to do business therein.

Its purpose is to foster and promote all phases of gliding and soaring on a national and international basis in such ways as may be directed by the Board of Directors.

The defendant is a non-profit organization, but not a charitable corporation. It is a membership corporation in which applicants expressing an interest in soaring may be accepted. On August 17, 1959 it had 2,027 members of which 268 resided in the State of New York and 85 (of the 268) resided in the Southern District of New York.

This defendant publishes an annual Soaring Directory, listing its officers, directors and members with two regions indicated covering New York State and certain other states. Region 2 is Lower New York (south of Kingston), New Jersey, Pennsylvania (east of State College), Delaware, Maryland, West Virginia, District of Columbia. Region 3 is Northern New York (north of Kingston) and Pennsylvania (west of State College). Region 2 had 358 members in 1959. Region 3 had 127 members. Region 2 (apparently a so-called "Chapter") held directors' meetings in New York City in 1958. Region 3 held a directors' meeting in Elmira on June 30, 1959.

The defendant collects annual or life dues from its members, furnishes its members with a monthly magazine, sponsors meetings, disseminates relevant information.

The publications of The Soaring Society of America, Inc., the previously mentioned Soaring Directory, the monthly magazine, Soaring, and the periodic, Soaring in America, are all printed in the Los Angeles metropolitan area. The Soaring Directory is distributed annually to every voting member, and the periodic publication, Soaring in America, is also sent to every voting member. The magazine, Soaring, is sent to every member of The Soaring Society of America, Inc. In none of these publications is there any active solicitation for subscriptions.

The Soaring Society of America, Inc., through its "Contest Board," reviews the proposed competition rules submitted by

an organization sponsoring a soaring contest and approval of such rules is the primary requisite for holding a sanctioned competition. In 1957 and 1958 six such contests were held in Elmira and on May 29–31, 1959 one contest was held at the Dutchess County Airport, New York (Southern District of New York). However, the defendant asserts that it does not promote glider or soaring meets and does not sponsor such meets. It is not affiliated with any organizations in the State of New York.

Its income since 1958 from its activities in New York State was as follows:

Membership fees .............$ 2,120
Publications .................$ 1,500
Miscellaneous ................$   175

Its gross income in the last fiscal year from its activities in the Southern District of New York was $700.

The defendant owns or leases no real or personal property located within the Southern District of New York and employs no agents, brokers or employees whose activities in whole or in part were performed in this district.

### Discussion

■ Although defendant Schweizer Aircraft Corp. was incorporated in New York State, it was not "incorporated" in the Southern District of New York and it was not "licensed" to do business in that district in the sense referred to in Section 1391(c). "Authorization" to do business is not equivalent to "licensed" to do business in the sense used in this section. See Jacobson v. Indianapolis Power & Light Co., D.C.N.D.Ind.1958, 163 F.Supp. 218.

I find that I cannot agree with the interpretation of this section in Cleverley v. Nelson, D.C.S.D.N.Y.1949, New York Law Journal, July 26, 1949, p. 1.

However, we must further determine whether Schweizer Aircraft Corp. was or was not doing business in the Southern District of New York, where it was authorized to do business by reason of its incorporation.

■ In this district, federal law, rather than state law, appears to determine the test of "doing business" in diversity cases. French v. Gibbs Corp., 2 Cir., 1951, 189 F.2d 787; Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 1949, 175 F.2d 184, certiorari denied 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531; Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y.1959, 172 F.Supp. 524. See 34 St. John's Law Review 146 (1959). See Note, Doing Business as a Test of Venue and Jurisdiction over Foreign Corporations in the Federal Courts, 56 Col.L.Rev. 394, 398, note 27.

The Court of Appeals of the Second Circuit has stated:

"The published decisions on what constitutes 'doing business' in a State by a foreign corporation are literally legion. Yet, in spite of this vast array of judicial authority, borderline cases still have to be decided each on its own peculiar set of facts, which too often cannot be fitted into a stereotyped pattern. In this field, realism, not formalism, should be dominant; the problem must be solved in the light of commercial actuality, not in the aura of juristic semantics. * * *" Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900, 902–903.

■ Applying this test to the facts relative to Schweizer Aircraft Corp.'s activities, as above stated, I find that it is not doing business in the Southern District of New York. MacInnes v. Fontainebleau Hotel Corp., 2 Cir., 1958, 257 F.2d 832; Knight v. Stockard S.S. Corp., 2 Cir., 1954, 214 F.2d 727; People's Tobacco Co. v. American Tobacco Co., 1918, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587; Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900; L. D. Reeder Contractors of Arizona v. Higgins Industries, Inc., 9 Cir., 1959, 265 F.2d 768; Napelbaum v. Atlantic Greyhound Corp., D.C.S.D.N.Y.1958,

**214**

171 F.Supp. 547. See also Hanson v. Denckla, 1958, 357 U.S. 235, 250–252, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

■ Based upon the facts relative to the activities of The Soaring Society of America, Inc., I find that it is not doing business in the Southern District of New York. Richardson v. North American Clay Co., D.C.S.D.N.Y.1941, 41 F.Supp. 528; Wiederhorn v. Sands, Inc., D.C.S.D. N.Y.1956, 142 F.Supp. 448. See Note, Doing Business as a Test of Venue and Jurisdiction over Foreign Corporations in the Federal Courts, 56 Col.L.Rev. 394, 407 (1956).

The cases relied upon by the defendant are distinguishable. Since I have held that federal rather than state law determines the test of "doing business" in diversity cases, the New York state court cases are not persuasive.

■ It has been pointed out that the number and the importance of the local contacts are influential in the determination of whether a corporation is "doing business" in a district. Judge Learned Hand has stated: " * * * given any continued local activities the strict requirement of 'presence' is satisfied; and * * * the rest is a matter of more or less." French v. Gibbs Corp., 2 Cir., 1951, 189 F.2d 787, 790. The activities of The Soaring Society of America, Inc. in the Southern District of New York are less than that of the defendants in Portsmouth Baseball Corp. v. Frick, D.C.S.D. N.Y.1955, 132 F.Supp. 922, who were members of unincorporated associations which regularly performed for profit in the Southern District of New York, and the league official had his offices here and one member of each league had its permanent home here. Similarly, in First Congregational Church, etc. v. Evangelical & Reformed Church, D.C. S.D.N.Y.1958, 160 F.Supp. 651, the defendant, a Massachusetts corporation, was active in the Southern District of New York through its agent in the solicitation of a *substantial* part of its funds.

Since the Southern District of New York is not the proper venue in this case, the action must be dismissed or transferred to the Western District of New York. In the interest of justice and pursuant to Title 28 U.S.C.A. § 1406(a), I will direct that the case be transferred to the Western District of New York. Such transfer is, of course, without prejudice to any motions the defendants may address to the complaint by way of summary judgment or otherwise.

Settle order on notice.