**Vera G. JOHNSTONE, Administratrix of the Estate of Eleanora Bailey, Deceased, Plaintiff,**

v.

**YORK COUNTY GAS COMPANY and Rockwell Mfg. Company, Defendants.**

**Civ. A. No. 27495.**

United States District Court
E. D. Pennsylvania.

May 5, 1961.

Donald J. Farage, Philadelphia, Pa., for plaintiff.

John R. McConnell, Philadelphia, Pa., for defendant York County Gas Co.

John J. McDevitt, III, Philadelphia, Pa., for defendant Rockwell Mfg. Co.

WELSH, Senior District Judge.

On or about January 13, 1958, at or about 10:15 A. M., Eleanora Bailey, plaintiff's decedent, was an occupant in a building at 2 East High Street, Red Lion, Pennsylvania. At the said time and place, a gas explosion occurred and in the resultant fire, plaintiff's decedent was trapped inside the burning building and burned to death.

This action to recover damages for her death is brought under the Pennsylvania Wrongful Death and Survival Statutes. 12 P.S. § 1601 et seq.; 20 P.S. § 320.601 et seq.

Diversity jurisdiction of this Court is not in dispute, as the matter in controversy is between plaintiff administratrix, a citizen of New Jersey, and defendant Pennsylvania Corporations, citizens of Pennsylvania, and exceeds, exclusive of interest and costs, the sum of $10,000. Both defendants, however, have moved to dismiss for improper venue or, in the alternative, to transfer to the Middle District of Pennsylvania.

It is conceded that the defendant, York County Gas Company, hereinafter called York, is doing business in the Middle District of Pennsylvania and the defendant, Rockwell Mfg. Company, hereinafter called Rockwell, is doing business here in the Eastern District of Pennsylvania. Plaintiff points out that § 1391(c) provides, inter alia, that for venue purposes a corporation shall reside in the district where it is doing business; hence, plaintiff concludes that York resides in the Middle District of Pennsylvania and Rockwell resides in the Eastern District of Pennsylvania. § 1392(a) of 28 U.S.C.A. provides that:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

As York resides in the Middle District of Pennsylvania and Rockwell in the Eastern District of Pennsylvania, plaintiff concludes further that under the provisions of § 1392(a) she had the right to commence this action in either of said districts, and elected to commence her action here, in the Eastern District of Pennsylvania.

On the other hand, the contention of the defendants is that this action could have been brought only in the Middle District of Pennsylvania. The reasons in support of this contention may be stated as follows: As we have seen already, York is doing business in the Middle District of Pennsylvania. Rockwell is likewise doing business in said District as is evidenced by its answer to plaintiff's interrogatory No. 31. In that answer it is stated:

"Rockwell has an office in Philadelphia in the Eastern District and conducts sales activities here. Although defendant has no office in the Middle District, it conducts sales work there by approximately six salesmen who travel from their homes in the Eastern District or Western District."

Therefore, since both York and Rockwell were doing business in the Middle District of Pennsylvania both resided there by virtue of § 1391(c) which provides, inter alia, that for venue purposes a corporation shall be considered to reside in the district where it is doing business. In such circumstances § 1391(a) requires plaintiff to bring her action in the Middle District of Pennsylvania; for, said Section provides, inter alia, that a diversity action must be brought in a district where all defendants reside.

Defendants' contention that venue is proper only in the Middle District of Pennsylvania is attacked by plaintiff on the ground that Rockwell's activity in the Middle District of Pennsylvania does not constitute the doing of business.

Thus, plaintiff and defendants have joined issue on whether or not Rockwell is doing business in the Middle District of Pennsylvania. They have done so apparently in the belief that the residence of a corporation for venue purposes under § 1391(c) is dependent solely upon whether or not the corporation is doing business in the district. In the Court's view of the venue problem here presented, however, it is unnecessary to determine the issue thus raised by plaintiff and defendants.

§ 1391(c) of 28 U.S.C.A. provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such

judicial district shall be regarded as the residence of such corporation for venue purposes."

■■ The language of said Section is clear and unambiguous. Its meaning is that for venue purposes a corporation shall be considered to reside in the district of a State (1) by which it was incorporated, (2) by which it was licensed to do business or (3) in which it was doing business, and not, as mistakenly believed by both plaintiff and defendants, solely in the district of a State in which it was doing business. Thus, if a corporate defendant is sued in a federal district located in the State by which it was incorporated, the corporate defendant for venue purposes resides in that district; or, if a corporate defendant is sued in a federal district located in the State by which it was not incorporated but by which it was licensed to do business, the corporate defendant for venue purposes resides in that district; or, if a corporate defendant is sued in a federal district located in the State by which it was neither incorporated nor licensed to do business but in which it is doing business, the corporate defendant for venue purposes resides in that district.

Therefore, in this case, by virtue of the fact that the defendants, York and Rockwell, were incorporated by Pennsylvania both reside in all three federal districts in Pennsylvania, including the Middle and Eastern Districts.

Accordingly, pursuant to § 1391(a), which provides in part that a diversity action must be brought in a district where all defendants reside, plaintiff could have brought this action in this the Eastern District where all the defendants reside or in the Middle District where all the defendants reside. Plaintiff elected to institute her action here in the Eastern District.

Defendants' motions to dismiss for improper venue will accordingly be Denied.

■ Having decided this action is properly brought here, we now address our attention to defendants' motion to transfer to the Middle District "for the convenience of parties and witnesses, in the interest of justice".

After examination of all the factors on this phase of the case, we find that insofar as York is concerned the convenience of the parties and witnesses and the interest of justice would be better served if this action were transferred to the Middle District; but we find that insofar as Rockwell is concerned the convenience of the parties and witnesses and the interest of justice would be better served if this action were not transferred to the Middle District. In such circumstances, we hold that plaintiff's choice of forum is the decisive factor, and accordingly we will deny the motions to transfer.

An appropriate order will be prepared and submitted by counsel for the plaintiff.