**Samuel L. WESTERMAN, Plaintiff,**

v.

**Robert E. GROW, Grow Solvent Company, Inc. and Metropolitan Telecommunications Corporation, Defendants.**

United States District Court
S. D. New York.

Oct. 6, 1961.

See also 198 F.Supp. 309.

Gallop, Climenko & Gould, New York City, for plaintiff; Jesse Climenko, Martin I. Shelton, and Paul B. Bergins, New York City, of counsel.

Multer, Nova & Seymour, New York City, for defendant Metropolitan Telecommunications Corp.; Barnett J. Nova, New York City, of counsel.

METZNER, District Judge.

Defendant Metropolitan Telecommunications Corporation moves pursuant to F.R.Civ.Pro. 12(b), 28 U.S.C.A., for a dismissal of the complaint on the grounds that service of the summons was improperly made and that venue has been laid in the wrong district.

While the return of the marshal states that the person served on behalf of the corporation was a "foreman in charge", it is clear from reading the papers that this person was merely a shop foreman of a department of the defendant corporation. The division in which he worked involved only one of the types of machines assembled and manufactured by the defendant at its Brooklyn plant. Consequently, the action should be dismissed on this ground, except for the fact that it was conceded that a copy of the summons was subsequently served upon a proper person and that jurisdiction was thus obtained over

the defendant. Cahill v. St. Mary's Hospital of Brooklyn, D.C.E.D.N.Y.1956, 20 F.R.D. 103.

Because of this fact the court will also dispose of the second ground urged in the motion papers for the dismissal of the action.

█ The motion to dismiss for improper venue is predicated upon Section 1391(c) of Title 28. That section reads as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

There is disagreement among the authorities as to whether incorporation in a state makes the corporation a resident of the entire state so that it may be sued in any federal district within the state. Some hold that the corporation is a resident of every judicial district within the state. 1 Barron and Holtzoff § 80, p. 386; Garbe v. Humiston-Keeling & Co., D.C. E.D.Ill.1956, 143 F.Supp. 776, 779; Hintz v. Austenal Laboratories, D.C.E.D. N.Y.1952, 105 F.Supp. 187. Others hold that the residence of a corporation for venue purposes may only be the district within which it conducts its business. 1 Moore, Federal Practice ¶0.142 [5.-3], 1496 (2 Ed.1960); Jacobson v. Indianapolis Power & Light Co., D.C.N.D.Ind. 1958, 163 F.Supp. 218; Sawyer v. Soaring Society of America, Inc., D.C.S.D. N.Y. 1960, 180 F.Supp. 209.

I am persuaded that the latter is the proper view. In the State of New York, which has four federal judicial districts, a corporation with every possible activity of business being conducted on the eastern tip of Long Island, in the Eastern District of New York, should not be compelled to answer suit in Buffalo, 600 miles away, in the Western District of New York.

█ The question then to be decided is whether the defendant is doing business within the Southern District of New York. The existing certificate of incorporation of the defendant indicates that the office of the corporation is located in Brooklyn. The offices and plants of the defendant are located in Brooklyn and in Plainview, Long Island. The Manhattan Telephone Directory gives only two telephone numbers for the defendant, one in Brooklyn and the other in Plainview. Brooklyn and Plainview are in the Eastern District.

Plaintiff relies on two facts to justify the conclusion that defendant is doing business within the Southern District. The first is that the defendant obtained financing through a public offering of securities sold by an underwriter located in this district. Part of the financing consisted of the sale of debentures issued pursuant to an indenture between the defendant and the Chemical Bank New York Trust Co., as trustee. Defendant is obligated to make sinking fund payments to the bank at its office located within the Southern District. Secondly, plaintiff states that defendant maintains a bank account in that bank.

I do not consider these activities to come within any possible definition of "doing business" as required by Section 1391(c) so that the defendant shall be regarded as having a residence in this district.

I have assumed that the defendant, in pressing this motion after service of the second summons, desires a ruling on the venue question as applicable to the situation as it now exists. Pursuant to Section 1406(a) of Title 28, I direct the transfer of the case to the Eastern District of New York. Motion granted to the extent indicated. Settle order.