Robert H. CARSON, Administrator of the Estate of Annie Barbara Carson, deceased, Plaintiff,

v.

VANCE TRUCKING LINES, INC., Forrester Trucking Company, Inc., and 1 Tractor-trailer Unit consisting of 1–1961 Chevrolet Tractor Ser. # OC 813 B 118765, and 1 Evans Trailer Ser. # 11523, Defendants.

Civ. A. No. 4291.

United States District Court
W. D. South Carolina,
Greenville Division.

Heard June 9, 1965.

Decided Sept. 2, 1965.

David L. Freeman, of Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

W. Francis Marion, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant Vance Trucking Lines, Inc.

Wesley M. Walker, of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant Forrester Trucking Co., Inc.

HEMPHILL, District Judge

Wrongful death action involving the diversity jurisdiction of this Court. Plaintiff is a citizen and resident of the State of Georgia, defendant, Forrester Trucking Company, Inc., hereinafter called "Forrester," a South Carolina corporation with its principal place of business at Sumter South Carolina, defendant, Vance Trucking Lines, Inc., hereinafter called "Vance," a North Carolina

corporation with its principal place of business in North Carolina. Named also as defendant in the Complaint is one tractor-trailer unit consisting of 1–1961 Chevrolet Tractor serial # OC 813 B 118765, and one Evans Trailer serial # 11523.

Vance has answered the Complaint. Counsel for Forrester and the tractor-trailer unit gave notice of a special appearance for the purpose of moving to quash the purported service as to the tractor-trailer unit asserting the absence of any attachment or appropriate supplementary proceedings and to dismiss the action as to these defendants on the ground that venue does not lie as to them in the Western District of South Carolina.

It appears that the tractor-trailer unit was not attached and that counsel for plaintiff do not contest the motion as to the tractor-trailer.

It is, therefore, ordered that the aforesaid tractor-trailer unit be dismissed as a party to this action.

The basis claimed for establishing venue in the Western District is that under 28 U.S.C. § 1391(c):

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Alternatively, it is argued that venue lies in the Western District by virtue of 28 U.S.C. § 1392(a) providing that:

Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

At the hearing of this motion copies of Certificates of Public Convenience and Necessity issued by the South Carolina Public Service Commission held by Forrester were submitted. One certificate was for authority to operate between

certain designated points within the State and points and places in South Carolina for the purpose of hauling certain specified commodities and between points and places in South Carolina for hauling other commodities for designated companies. By another certificate presented, Forrester was licensed to furnish certain freight service from points and places in South Carolina to points and places outside of South Carolina, in interstate commerce.

As to Vance, an affidavit was submitted showing such corporation to be a common carrier licensed to transport commodities in interstate traffic to and between points and places along all states on the Eastern Seaboard from Florida to New York, including the State of South Carolina, and the Western District thereof. It further appeared from such affidavit that Mr. James L. Love, Esquire, of Greenville, South Carolina, was its agent for acceptance of process and that Vance was engaged in the business of hauling commodities in the State of South Carolina, including the Western District thereof, on the date of the accident involved in litigation and at all times since such date.

The authenticity of the certificates and the affidavit submitted and the correctness of the information shown therein were conceded by counsel for Forrester.

As to the position taken under 28 U.S.C. § 1391(c), it appears that the language of the Section is plain on its face. Counsel for Forrester, however, asks the Court to say in essence that only foreign corporations are intended when reference is made to those that are "licensed to do business" or are "doing business," and that domestic corporations must be sued in the judicial district where they have their principal place of business, this constituting the district in which they are "incorporated" within the intendment of the statute.

The defect of this argument is that Congress might easily have provided language supporting the conclusion urged by Forrester, but it did not do so. Consequently, in the face of language which is unambiguous, a number of District Courts have held that a domestic corporation may be sued in any judicial district of the State of its incorporation under the language of Section 1391(c). Hintz v. Austenal Laboratories, 105 F. Supp. 187 (E.D.N.Y.1952); Garbe v. Humiston-Keeling & Co., 143 F.Supp. 776, 778–779 (E.D.Ill.1956), reversed on other grounds 242 F.2d 923 (7th Cir. 1957); Johnstone v. York County Gas Co., 193 F.Supp. 709, 711 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660, 661 (E.D.Pa.1961); De George v. Mandata Poultry Co., 196 F.Supp. 192, 195 (E.D.Pa.1961). A domestic corporation is authorized under its charter to engage in business generally within the State of its incorporation. In the case of common carriers, their rights to transport goods are subject to further regulation, either by the state authority or the Interstate Commerce Commission, but in the case at hand it appears that Forrester is specifically licensed to engage in the business of transportation throughout South Carolina. Therefore, the Court concludes that inasmuch as Forrester is licensed to do business in the Western District, venue is properly laid in this district under Section 1391(c).

This point was argued in Vance Trucking Company, Inc. v. Canal Insurance Company, Forrester Trucking Company, Inc., 338 F.2d 943, decided by the Fourth Circuit on November 20, 1964, in an opinion by Chief Judge Sobeloff, and the Court upheld venue of Forrester in the Western District in an action for Declaratory Judgment seeking a determination of responsibility as between Vance and Forrester and the respective insurance carriers with respect to the accident resulting in this suit. There, as here, Forrester maintained that for venue purposes it is a resident of the Eastern District only because that is its principal place of business. While deciding the venue question under Section 1392(a), which Section shall be considered at a later point in this Order, Judge Sobeloff questioned the position of For-

rester on this point noting that "several courts have indicated that, for venue purposes, a corporation is a resident of all districts in a state in which it is incorporated or licensed to do business." 338 F.2d at 944.

The cases cited in the opinion by Judge Soboloff are those cited above in this Order, and this Court is persuaded that they reach the correct result. See also 1 Barron & Holtzoff, Federal Practice and Procedure, § 80, p. 386.

It is true that some District Courts have reached contrary results. See Westerman v. Grow, 198 F.Supp. 307, 308 (S.D.N.Y.1961); Sawyer v. Soaring Society of America, Inc., 180 F.Supp. 209 (S.D.N.Y.1960); Jacobson v. Indianapolis Power & Light Co., 163 F.Supp. 218, 220 (N.D.Ind.1958). The position reached by the Courts in cases such as Jacobson apparently conclude that 1391(c) effected no substantial change in the law of venue in existence prior to the adoption of this provision in 1948.

It is true that prior to the adoption of 1391(c) a domestic corporation could be sued only in the district of its principal place of business. In fact, it is not until Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, that a foreign corporation could be sued except at its "residence"; that is, in the judicial district of its principal place of business within the state of its incorporation. Neirbo held that a corporation which had complied with state law by designating an agent for acceptance of process had consented to be sued in Federal Court. 308 U.S. at 175, 60 S.Ct. 153.

Obviously, the language of 1391(c) goes far beyond the decision in Neirbo in regarding a corporation, for purposes of venue, as a resident of any district in which it is doing business, whether or not it has designated an agent for acceptance of process in such district. It is equally obvious that Section 1391(c) is not limited in its application to foreign corporations either in respect of the phrase "doing business" or the phrase "licensed to do business."

■ Even if venue did not lie in the Western District on account of the foregoing, the Court concludes that under the provisions of 28 U.S.C. § 1392(a) venue is proper as to Forrester in either the Western or Eastern District of South Carolina.

In the opinion of Judge Soboloff upholding venue against Forrester in the declaratory judgment action mentioned above, Section 1392(a) was invoked as the basis of the decision inasmuch as Canal Insurance Company was a defendant residing in the Western District and Forrester conceded that it was doing business in and was, therefore, a resident of the Eastern District. That decision is controlling here, of course, if Vance is a resident of the Western District for venue purposes.

In Robert E. Lee & Co., Inc. v. Veatch, 301 F.2d 434, 96 A.L.R.2d 619 (4th Cir. 1961), the meaning of the second clause of 1391(c) was under consideration by the Court of Appeals of this Circuit. This is the clause reading "and such judicial district shall be regarded as the residence of such corporation for venue purposes" following the opening statement as to where a corporation may be sued. In response to a contention that this clause would be meaningless if not construed to refer to all corporations, whether plaintiffs or defendants, the Court concluded that it had the effect of redefining residence as the term appears in 1392(a) so as to produce a different result than in Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614, where the facts were in all material respects the same as those involved here. In discussing the point, the Court in the Veatch case noted first that in holding in Neirbo that a foreign corporation consents to venue by appointing an agent for acceptance of process, the Supreme Court in no way purported to redefine the residence of a corporation for venue purposes, adding:

This is made clear in the Suttle case where the Court was called upon to interpret section 52 of the 1911 Judicial Code, 36 Stat. 1101. This

section provided that if two or more defendants *reside* in different districts of a state, suit may be brought in either district, and the Court in Suttle held that a corporate resident of Texas and a resident of the Western District of Louisiana could not over objection be jointly sued in the Eastern District of Louisiana even though the Texas corporation had qualified to do business in that district. The Court was careful to point out that, while the Texas corporation had made itself amenable to suit in the Eastern District of Louisiana, this did not make it a resident of that district for venue purposes; hence the requirements of section 52 were not met. * * *

This is the setting in which Congress in 1948 enacted section 1391.

301 F.2d at 436–437.

Vance is a foreign corporation licensed to do business and doing business throughout South Carolina, including the Western District. In Suttle, the foreign corporation was also licensed to do business throughout the state, including the district wherein venue was sought to be laid in a suit against such foreign corporation and the resident of another district within the state.

If the purpose of the second clause in Section 1391(c) was to produce a different result in Suttle, that is, a result upholding venue, then on the facts in this case venue must also be upheld for the situation here, as has been indicated, is the same as in Suttle.

By the force of the second clause of 1391(c), it is clear that Vance is a resident of the Western District for venue purposes. Vance and Forrester, therefore, reside in different districts of the state and under 1392(a) may be sued in any district.

Inasmuch as it has been concluded that venue is proper on either of the grounds discussed above, the Motion to Dismiss as to Forrester is denied. The Clerk will make the appropriate entry.

And it is so ordered.