**ENERGY RESOURCES GROUP, INC.,**
Plaintiff,

v.

**ENERGY RESOURCES CORPORATION,**
Defendant.

Civ. A. No. 68–H–141.

United States District Court
S. D. Texas,
Houston Division.

March 12, 1969.

Vinson, Elkins, Searls & Connally, A. H. Evans, Houston, Tex., for plaintiff.

Arnold, Roylance, Kruger & Durkee, Tom Arnold and John G. Graham, Houston, Tex., for defendant.

## MEMORANDUM

INGRAHAM, District Judge.

This is an unfair competition case which is now before the court for consideration of the following matters: (1) Defendant's motion to dismiss for improper venue; (2) Defendant's motion to dismiss for lack of jurisdiction over the subject matter; (3) Defendant's motion to strike portions of the Complaint or, in the alternative, to dismiss for failure to join indispensable parties or, again in the alternative, for a more definite statement. Since the court is of the opinion that venue does not lie in this district, only the first of the aforementioned motions will be considered at this time.

Plaintiff and defendant are both engaged in searching for and acquiring, developing, and operating oil and gas properties. The corporate plaintiff was incorporated under the laws of the State of New York and it maintains its principal place of business in that state. The defendant is a Nevada corporaton having its principal place of business in Midland, Texas, which is in the Western District of Texas. Though defendant is licensed by the State of Texas to do business throughout the state, it appears that it has never transacted any business in the Southern District of Texas. It has no telephone, bank account, employees or warehouse in this district. Moreover, defendant was not served within this district, rather service was upon its registered agent, C T Corporation Systems, at Dallas, Texas, in the Northern District.

Defendant asserts that venue does not lie in this district because it was not incorporated here and because it has never done business in the Southern District of Texas. Plaintiff, while apparently conceding that defendant does not do business in this district, nevertheless contends that venue is proper because defendant is licensed to do business throughout the State of Texas, including the area encompassed by the Southern District. Since defendant is licensed to do business in this district, plaintiff continues, it resides within it and venue lies here under the terms of 28 U.S.C. § 1391(c).[1] Thus, the issue presented is whether in a suit against a foreign corporation licensed to do business in a multi-district state, venue will lie in all districts of the licensing state regardless of the lack of activities in certain of the districts. The court concludes that the answer must be in the negative.

At the outset it must be admitted that there is substantial disagreement among the authorities concerning the proper resolution of the issue now before this court. Certain cases have held that where a corporation is incorporated or licensed to do business in a state, this embraces all districts within

---

1. Section 1391(c) of Title 28, U.S.C., provides:
   "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

the state and hence all districts are "residences" of the corporation for venue purposes.[2] On the other hand, equally respectable authorities have held that a corporation which is incorporated or licensed in a multi-district state is a "resident" only of the districts in which it actually does business.[3] I have decided to follow the latter line of cases because, in my opinion, practicality and reason should be the touchstone in applying the venue statutes. There is certainly nothing practical nor reasonable about requiring a corporate defendant to defend itself in this district when it has never done business here and when all of its witnesses and records are located approximately 480 miles from Houston in the Midland-Odessa Division of the Western District of Texas. Indeed, such a requirement impinges upon this court's sense of justice as well as its sense of practicality. The venue statutes were devised to achieve two basic purposes: to lay venue in a place having a logical connection with the parties to the litigation, and to afford the defendant some protection against the hardship of having to litigate in some distant place. Clearly neither of these laudable ends would be served by laying venue in this district in the instant case.

Accordingly, defendant's motion to dismiss for improper venue will be granted unless plaintiff moves within ten days to transfer this cause pursuant to Section 1406(a) of Title 28, U.S.C., to the Midland-Odessa Division of the Western District of Texas.

The clerk will notify counsel to draft and submit an appropriate order.

2. Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007 (S.D.N.Y.1968); Carson v. Vance Trucking Lines, Inc., 245 F.Supp. 13 (W.D.S.C.1965); DeGeorge v. Mandata Poultry Co., 196 F.Supp. 192 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660 (E.D. Pa.1961); Johnstone v. York County Gas Co., 193 F.Supp. 709 (E.D.Pa.1961); Garbe v. Humiston-Keeling & Co., 143 F.Supp. 776 (E.D.Ill.1956), rev'd on other grounds, 242 F.2d 923 (7 Cir.), cert. denied, 355 U.S. 846, 78 S.Ct. 70, 2 L. Ed.2d 55 (1957); Hintz v. Austenal Laboratories, Inc., 105 F.Supp. 187 (E.D. N.Y.1952). Cf. Vance Trucking Co. v. Canal Ins. Co., 338 F.2d 943 (4 Cir. 1964).

See generally, 1 Barron & Holtzoff, Federal Practice and Procedure, Sec. 80 at 386 (Wright Ed. 1960 and 1968 supp.); 1 Moore, Federal Practice, para. 0.142(5.–3) at 1494–96 (1960 rev.).

3. Joscar Co. v. Consolidated Sun Ray, Inc., 212 F.Supp. 634 (E.D.N.Y.1963); Westerman v. Grow, 198 F.Supp. 307 (S.D.N.Y.1961); Johnson v. B. G. Coon Construction Co., 195 F.Supp. 197 (E.D. Pa.1960); Sawyer v. Soaring Society of America, 180 F.Supp. 209 (S.D.N.Y. 1960); Jacobson v. Indianapolis Power & Light Co., 163 F.Supp. 218 (N.D.Ind. 1958). Cf. Torres v. Continental Bus System, Inc., 204 F.Supp. 347 (S.D.Tex. 1962).