**FULLER & DEES MARKETING GROUP, INC., Plaintiff,**

v.

**OUTSTANDING AMERICAN HIGH SCHOOL STUDENTS, a Corporation, Defendant.**

**Civ. A. No. 3526–N.**

United States District Court,
M. D. Alabama, N. D.

Jan. 7, 1972.

**914**

Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for plaintiff.

Pritchard, McCall & Jones, Birmingham, Ala., for defendant.

## ORDER

VARNER, District Judge.

Plaintiff, a foreign corporation, sued Defendant, a domestic Alabama corporation, doing business only in the Northern Division of Alabama, in the Middle District of Alabama. Defendant moved to transfer the case to the Northern District Court for want of proper venue otherwise.

■ The parties agree that venue is laid under 28 U.S.C. § 1391(c), as follows:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

In Alabama, a corporation is incorporated by filing papers in a county seat and in the State Capitol in the Middle District of Alabama. A foreign corporation is licensed or qualified to do business by filing papers in the State Capitol.

Defendant insists that, since it initially filed incorporation papers in Jefferson County, in the Northern District of Alabama, it is incorporated and licensed in that district, and, without question, it does business only in that district.

Plaintiff takes the position that incorporating and licensing of corporations involves state action at the state capitol and that, therefore, a corporation is incorporated in and licensed in every district in the state.

Both parties concede that authorities are strongly divided. See generally, 1 Barron & Holtzoff, Federal Practice and Procedure, Sec. 80 at 386 (Wright Ed. 1960 and 1968 supp.); 1 Moore, Federal Practice, para. 0.142(5.–3) at 1494–96 (1960 rev.). Some courts hold that, where a corporation is incorporated or licensed to do business in a multi-district state, they thereby have legal authority to do business in every district in the state and are, therefore, subject to suit in every district in that state. Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007 (S.D.N.Y.1968); Carson v. Vance Trucking Lines, Inc., 245 F.Supp. 13 (W.D.S.C.1965); DeGeorge v. Mandata Poultry Co., 196 F.Supp. 192 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660 (E.D. Pa.1961); Johnstone v. York County Gas Co., 193 F.Supp. 709 (E.D.Pa. 1961); Garbe v. Humiston-Keeling & Co., 143 F.Supp. 776 (E.D.Ill.1956), rev'd on other grounds, 242 F.2d 923 (7 Cir.), cert. denied, 355 U.S. 846, 78 S.Ct. 70, 2 L.Ed.2d 55 (1957); Hintz v. Austenal Laboratories, Inc., 105 F.Supp. 187 (E.D.N.Y.1952). Cf. Vance Trucking Co. v. Canal Ins. Co., 338 F.2d 943 (4 Cir. 1964). Equally respectable authorities have held that a corporation, incorporated or licensed in a multi-district state, is a resident of and, therefore, subject to suit only in the districts in which it does business. Joscar Co. v. Consolidated Sun Ray, Inc., 212 F.Supp. 634 (E. D.N.Y.1963); Westerman v. Grow, 198 F.Supp. 307 (S.D.N.Y.1961); Johnson v. B. G. Coon Construction Co., 195 F. Supp. 197 (E.D.Pa.1960); Sawyer v.

Soaring Society of America, 180 F.Supp. 209 (S.D.N.Y.1960); Jacobson v. Indianapolis Power & Light Co., 163 F.Supp. 218 (N.D.Ind.1958); Cf. Torres v. Continental Bus System, Inc., 204 F.Supp. 347 (S.D.Tex.1962). The wealth of authority on both sides of the question compels the conclusion that the statute is ambiguous, and a court, construing the statute, must search for the intent of Congress.

 The purpose of venue statutes is (1) to place the trial in a place having a logical connection with the parties to the litigation and (2) to afford defendant some protection against the hardship of having to litigate in some distant place. Energy Resources Group v. Energy Resources Corp., 297 F.Supp. 232 (D.C.).

It may be helpful to consider the law pertinent to venue of actions against foreign corporations. While there are differences between legal rights and obligations of foreign corporations and those of domestic corporations, there is doubtful logic in giving a foreign corporation an advantage over a domestic corporation. Clearly, in one district in the Fifth Circuit, a foreign corporation, licensed to do business in a multi-district state, may be sued only in the district where it does business. Energy Resources Group, Inc. v. Energy Resources Corp., supra; Torres v. Continental Bus System, Inc., supra. These are the only cases arising within the Fifth Circuit which have been called to this Court's attention. Considerable advantage may arise from harmony among circuits.

This Court is impressed with the logic of his fellow District Court Judges of the Fifth Circuit. In a large state such as Texas, the hardships associated with a defendant's coming from Texarkana to El Paso to defend a federal suit filed by an harassing plaintiff with a nuisance cause of action magnify the purpose of venue statutes and cause this Court to believe that, within the meaning and purpose of 28 U.S.C. § 1391, a corporation is incorporated or licensed in the district where it is and that the statute should not be construed to mean that a corporation may be sued in any district in any state where it is incorporated, licensed, or doing business.

Accordingly, it is ordered that this cause be, and the same is hereby, transferred to the United States District Court for the Northern District of Alabama. The Clerk of this Court is directed to take the necessary and appropriate steps to effectuate this transfer.