**EDUCATIONAL DEVELOPMENT COR-
PORATION, Plaintiff,**

v.

**The ECONOMY COMPANY, Defendant.**

**No. 73–C–256.**

United States District Court,
N. D. Oklahoma,
Civil Division.

Dec. 5, 1973.

Barry J. Galt, James L. Kincaid, Tulsa., Okl., Ford F. Farabow, Jr., Washington, D. C., for plaintiff.

Jerry J. Dunlap, Oklahoma City, Okl., Royce H. Savage, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for infringement of a trademark arising under the Trademark Laws of the United States. Plaintiff, Educational Development Corporation is a Delaware corporation with an office in Tulsa, Oklahoma, within the Northern District of Oklahoma, where this action has been brought. The Defendant, The Economy Company, is an Oklahoma corporation with its offices in Oklahoma City, Oklahoma, which lies within the Western District of Oklahoma.

In its Complaint, Plaintiff alleges venue lies in the Northern District of Oklahoma for the reason that Defendant is doing business within said district. 28 U.S.C. § 1391(c).

Defendant has filed its Motion to Dismiss, Or In The Alternative To Transfer This Case To the Western District of Oklahoma and a Memorandum in Support of its Motion. Defendant's contention is that it can only be sued in the ju-

dicial district in which it maintains its principal place of business or in which it does business. Defendant asserts that its principal place of business is in Oklahoma City, Oklahoma and denies it does business in the Northern District of Oklahoma as such terms are used for purposes of establishing venue.

Plaintiff has responded to said motion contending that the allegations in its Complaint that the Defendant is doing business in the Northern District of Oklahoma are sufficient to establish venue. In the alternative, it contends that the Defendant may be sued in any judicial district in Oklahoma, the state in which it is incorporated.

This Court will consider first whether a domestic corporation is a resident of all judicial districts of the state in which incorporated. If the answer is in the affirmative, then it will be unnecessary to determine the mixed question of law and fact as to whether the Defendant is "doing business" within the Northern District in such manner as to subject it to venue in said district.

Venue in this action is governed by 28 U.S.C.A. § 1391(c) which provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The question is simply whether Defendant, an Oklahoma corporation, is subject to be sued in any of the three judicial districts in Oklahoma without regard to whether it conducts business in said district. The answer is not simple. In 14 A.L.R.Fed. 934 § 2 the annotator states:

"There is a conflict among the authorities as to whether a corporation which has been incorporated or licensed to do business in a multidistrict state is subject, under the venue provisions of 28 U.S.C.A. § 1391(c), which provides that a corporation may

be sued 'in any judicial district in which it is incorporated or licensed to do business or is doing business,' to suit in any judicial district within that state or only in those districts (within that state) where it conducts its business."

A review of the cases reveals that there are excellent and well reasoned opinions supporting the view that a corporation which is incorporated in a multi-district state is subject to suit within any district in the state. Included are the cases of Johnstone v. York County Gas Company, 193 F.Supp. 709 (E.D.Pa. 1961); Carson v. Vance Trucking Lines, Inc., 245 F.Supp. 13 (W.D.S.Car.1965); and others listed in 14 A.L.R.Fed. 938 § 3 [b]. The rationale upon which these holdings are based is that the statute is unambiguous and that a domestic corporation is authorized under its charter to engage in business generally within the state of incorporation and therefore such a corporation is subject to suit in any judicial district of such state.

Likewise, there are a number of well reasoned cases holding to the contrary. Jacobson v. Indianapolis Power & Light Company, 163 F.Supp. 218 (N.D.Ind. 1958); Westerman v. Grow, 198 F.Supp. 307 (S.D.N.Y.1961); Energy Resources Group, Inc. v. Energy Resources Corp., 297 F.Supp. 232 (S.D.Tex.1969); and other listed in 14 A.L.R.Fed. 938 § 3 [b]. The decisions in these cases are based on a finding that the provisions of 28 U.S.C.A. § 1391(c) are ambiguous and that the Courts should then look to the congressional intent in interpreting same. In so doing, the general concepts of venue have been considered.

In Jacobson v. Indianapolis Power & Light Company, supra, the Court looked to interpretations of the venue statute in effect prior to the adoption of 28 U.S.C.A. § 1391(c) in 1948, and found there was no evidence of congressional intent to change the prior law in this respect. The leading case construing the prior provisions is Galveston, Harrisburg & San Antonio Railway Company v. Gon-

zales, 151 U.S. 496, 504, 14 S.Ct. 401, 404, 38 L.Ed. 248 (1894) which holds:

". . . that if the corporation be created by the laws of a state in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business, as distinguished from where its local business is done.

In *Jacobson* the Court found the provision in question ambiguous in that it can be interpreted that the language "a corporation may be sued in any judicial district in which it is incorporated" means a single district and that there was no intent to change the findings from *Gonzales*.

■ This Court finds that 28 U.S.C. A. § 1391(c) is ambiguous as the language "and *such* judicial district shall be regarded as *the* residence of such corporation" (Emphasis supplied) can be interpreted as referring to a singular district and it could be argued that the language "district or districts" should have been used if it was intended to refer to multiple districts.

In Fuller & Dees Marketing Group, Inc. v. Outstanding American High School Students, 335 F.Supp. 913, 14 A. L.R.Fed. 934 (M.D.Ala.1972) the Court stated:

"The purpose of venue statutes is (1) to place the trial in a place having a logical connection with the parties to the litigation and (2) to afford defendant some protection against the hardship of having to litigate in some distant place. Energy Resources Group v. Energy Resources Corp., 297 F.Supp. 232 (D.C.)."

■■ One of the purposes for providing multiple judicial districts within a state is for the convenience of litigants. A corporate litigant is to be treated as fairly as an individual. It should not be required to litigate in a district far removed from where it conducts its business if this can reasonably be avoided.

■ This Court finds and concludes that a corporation incorporated in Oklahoma is not subjected to venue in each Federal judicial district in the state under the Trademark laws of the United States solely by virtue of being incorporated in the state.

It must, herein, be determined if the Defendant is doing business in this judicial district. An evidentiary hearing will be conducted on this point and a final ruling as to whether this action should be transferred to the Western District of Oklahoma will be made thereafter.