**FIRST SECURITY BANK OF UTAH, N.A., Plaintiff-Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.**

No. 75–1114.

United States Court of Appeals, Tenth Circuit.

Sept. 13, 1976.

Rehearing and Rehearing In Banc Denied Oct. 12, 1975.

Merlin O. Baker, Salt Lake City, Utah (Marvin J. Bertoch and Thomas A. Quinn of Ray, Quinney & Nebeker, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

Harold G. Christensen, Salt Lake City, Utah (R. Brent Stephens of Worsley, Snow & Christensen, Salt Lake City, Utah, on the brief), for defendant-appellee.

Before HILL, HOLLOWAY and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff-appellant, First Security Bank of Utah, brought this diversity suit to re-

cover on a "Banker's Blanket Bond" against defendant-appellee, Aetna Casualty and Surety Company. Recovery is sought for sums expended in defending and settling three actions brought against the bank and its employees under SEC Rule 10b–5, 17 CFR § 240.10b–5.[1]

This suit on the bond was commenced in the Northern Division of the District of Utah. Defendant Aetna moved to dismiss on grounds of improper venue and for failure to state a claim, and alternatively to transfer the case to the Central Division of Utah under 28 U.S.C.A. § 1404(a) for the convenience of parties and witnesses and in the interest of justice. After a hearing Judge Anderson found that venue in the Northern Division was improper and transferred the case to the Central Division pursuant to 28 U.S.C.A. § 1406(a). Aetna's motion to dismiss for failure to state a claim was reserved. Aetna's motions to dismiss for improper venue and for transfer for convenience of parties and witnesses were both denied as moot in view of the § 1406(a) transfer for improper venue.

After the transfer, assignment of the case fell to Chief Judge Ritter. Following a hearing on Aetna's motion to dismiss, the court entered judgment dismissing the action and denying the bank's request for leave to amend.[2] The bank appeals, arguing that: (1) the district court erred in dismissing the amended complaint for failure to state a claim; (2) the court erred in failing to grant the bank's motion to amend its complaint; (3) venue was properly laid in the Northern Division of the District of Utah; and (4) on remand the action should be assigned to a Judge other than Chief Judge Ritter.

We agree with the bank's contention that venue was proper in the Northern Division. Because of this preliminary conclusion we do not treat the merits of the dismissal for failure to state a claim or the refusal of leave to amend. The remaining contention for reassignment to a different Judge also is mooted by our conclusion that the case should be remanded for re-transfer to the Northern Division, where we feel that venue was proper.[3]

The principal battleground on venue lies around the application of two venue statutes, 28 U.S.C.A. § 1391(c) and 28 U.S.C.A. § 1393(a), which are set out in the margin.[4]

---

1. The liability asserted was for alleged misstatements by bank employees of material facts concerning the prevailing market price of Ute Distribution Corporation shares being purchased from Indian sellers, said to constitute a course of business or a device, scheme or artifice that operated as a fraud on the Indian sellers. See *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 152–53, 92 S.Ct. 1456, 31 L.Ed.2d 741.

2. An amended complaint had been filed in the Northern Division before transfer. Aetna had directed a motion to dismiss to the amended complaint in the Northern Division, which was renewed after transfer to the Central Division.

3. Presently, assignment of all cases in the Northern Division of the District of Utah is to Judge Anderson.

4. The relevant venue statutes are as follows:
28 U.S.C.A. § 1391(a) provides:
"§ 1391. Venue generally
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."
28 U.S.C.A. § 1391(c) provides:
"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."
28 U.S.C.A. § 1393(a) provides:
"§ 1393. Divisions; single defendant; defendants in different divisions
(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

Among other things, Aetna argues that the bank's attempt to lay venue in the Northern Division on the basis that Aetna was licensed to do business and doing business there, and therefore a "resident" of the division, is fallacious. Aetna says it is not a resident of that division because all contacts were in the Central Division; the alleged fraud occurred in Roosevelt, Utah; Aetna carries on almost the entirety of its Utah business in the Central Division; and the bond, if issued and executed in Utah was executed in Salt Lake City. Aetna points out that all communications concerning the bond and the alleged loss occurred between offices of the bank and Aetna in Salt Lake City, or outside the State, and that Aetna's business in the Northern Division consists only of having one independent agent and a number of insureds in Ogden, Utah, citing *Houston Fearless Corp. v. Teter,* 318 F.2d 822, 825 (10th Cir.).

Thus Aetna contends that absolutely nothing occurred in the Northern Division which allowed the case to be tried there. (Brief of Appellee, 27–29). And Aetna says that its being licensed to do business throughout the State does not make it a resident of the Northern Division so as to be amenable to suit there, citing *Energy Resources Group, Inc. v. Energy Resources Corp.,* 297 F.Supp. 232, 234 (S.D.Tex.), *inter alia.*

Several responses are made by the bank to sustain Northern Division venue. However, we are convinced by one proposition which we feel is dispositive. This argument is that Aetna is a resident of the Northern Division as well as the Central Division because it is licensed to do business throughout the State. And *Guy F. Atkinson Co. v. City of Seattle,* 159 F.Supp. 722 (W.D.Wash.), is cited *inter alia* as holding that a corporation is a resident for venue purposes of any division in which it is incorporated, or licensed to do business, or is doing business. (Brief of Appellant, 20–24).

We agree. The certificate of Aetna showing its authority to transact business in Utah is unlimited geographically,[5] and there is no contention that it is not statewide in effect. The general venue provisions in § 1391(a) allow diversity suits to be brought in the district where all defendants reside, among other things. Section 1391(c) specifies that a corporation may be sued in any district in which ". . . it is incorporated or licensed to do business or is doing business . . . ." And, as the bank argues, even if the provisions of § 1393(a) do apply to corporations,[6] so as to confine venue to the division "where he resides," the definition of residence in § 1391(c) must be observed, which makes Aetna a resident of the Northern Division as well as the Central Division due to its being licensed to do business throughout the State.

We are persuaded that the clear, three-pronged definition of residence in § 1391(c) applies in deciding division venue questions under § 1393(a), when a literal reading is given to these related and complementary parts of the general venue stat-

**5.** The "certificate of compliance" from the Commissioner of Insurance in our record (R. Vol. III, 41), reads as follows:
"Certificate of Compliance
I, C. N. Ottosen, Commissioner of Insurance of the State of Utah, do hereby certify that the: Aetna Casualty and Surety Company of Hartford, Connecticut is authorized to transact an insurance business in the State of Utah in accordance with the laws thereof, as follows: * * * All Types of Insurance except Life

and Title * * * to and including the last day of February, 1975."

**6.** It has been pointed out that § 1393(a) may not be applicable to corporate defendants in view of the use of the pronoun "he" in referring to where a defendant resides, and the reasonable basis for distinguishing between natural persons and corporations. See *Guy F. Atkinson Co. v. City of Seattle, supra,* 159 F.Supp. at 724.

utes as last enacted.[7] *Guy F. Atkinson v. City of Seattle,* supra, 159 F.Supp. at 723–24. Thus a corporation "resides" in any division in which it is incorporated, *or* licensed to do business, *or* is doing business. *Williams v. Hoyt,* 372 F.Supp. 1314, 1316 (E.D.Tex.) (§ 1393(b)); *Denke v. Galveston, H. & H. R.R. Co.,* 353 F.Supp. 315, 316 (S.D.Tex.); *Bailiff v. Storm Drilling Co.,* 356 F.Supp. 309, 311 (E.D.Tex.); *Henderson v. Wyeth Laboratories, Inc.,* 319 F.Supp. 565, 566 (E.D.Tenn.) (§ 1393(b)); *Johnson v. Tri-State Motor Transit Co.,* 263 F.Supp. 278, 282 (W.D.Mo.); *Guy F. Atkinson Co. v. City of Seattle,* supra, 159 F.Supp. at 724; cf. *Vance Trucking Co. v. Canal Insurance Co.,* 338 F.2d 943, 944 (4th Cir.); *St. Joe Paper Co. v. Mullins Mfg. Corp.,* 311 F.Supp. 165, 166–67 (S.D.Ohio); accord, 15 Wright, Miller & Cooper, Federal Practice & Procedure § 3811, pp. 57, 64 (1976). We thus conclude that Aetna "resides" in both divisions in Utah for purposes of venue, being licensed to do business throughout the State.

We are not persuaded by the contrary holding in *Energy Resources Group, Inc. v. Energy Resources Corp.,* 297 F.Supp. 232 (S.D.Tex.), that being licensed to do business throughout the State did not make a corporation a resident for venue purposes in a district where no business was transacted by it.[8] We find the policy arguments against venue where business was not transacted, see id. at 234, unpersuasive in the face of the plain terms of § 1391(c) providing alternative venue grounds where

a corporation is "incorporated *or* licensed to do business *or* is doing business . . . ." (Emphasis added). We note too that such considerations of hardship or inconvenience of venue where business is not transacted are the concern of a separate statute for transfer. See 28 U.S.C.A. § 1404(a).[9]

Nor does *Houston Fearless Corp. v. Teter,* 318 F.2d 822 (10th Cir.) support Aetna's position. It is true that this court there held that the test for "doing business" under § 1391(c) is the same as it is for determining whether a corporation is amenable to service of process, id. at 825, and some argument can be made that Aetna was not doing business in the Northern Division. But "doing business" is only one of the three alternative grounds for venue provided in § 1391(c), and it is distinct from the ground of being "licensed to do business" on which we focus here. In *Houston Fearless,* the defendant corporation was neither incorporated in the forum State of Colorado, nor had it applied there for authority to do business or been qualified therefor. Id. at 823. Thus only the "doing business" ground for venue was available, and the test for it is not controlling here where the "licensed to do business" ground is present.

Thus we conclude that venue was properly laid in the Northern Division of Utah and that the court erred in ordering transfer to the Central Division under 28 U.S.C.A. § 1406(a) for improper venue. Accordingly, the judgment of dismissal by the court in

7. The alternative provision for venue in the district "in which the claim arose" was added in 1966 to the general statutes on venue enacted in 1948. See Pub.L. 89–714, 80 Stat. 1111. However, this provision did not affect the definition of residence with which we are concerned and it is not involved on this appeal.

8. There are other contrary holdings collected in the Energy Resources opinion, supra, 297 F.Supp. at 234, n. 3, and in 1 Moore's Federal Practice ¶ 0.142[5.–1–3], p. 1407 n.31 (1974),

and 1 Barron & Holtzoff, Federal Practice and Procedure, § 80 n.6 (Wright ed. 1960).

9. As noted earlier, Aetna did move for a transfer of this type for convenience of parties and witnesses and in the interest of justice (R. Vol. III, 1193–94), but the trial court denied this motion as moot in view of the transfer ordered under § 1406(a) for improper venue. There was thus no finding and no discretionary ruling made on the convenience point and no question about such a transfer is before us.

the Central Division is reversed and the cause is remanded with directions to re-transfer the case to the Northern Division of Utah.