TENNECO OIL COMPANY, a corporation, Plaintiff,

v.

ELYNNWOOD SUPPLY COMPANY, a corporation, Defendant.

No. CIV–76–0904–D.

United States District Court,
W. D. Oklahoma.

Feb. 17, 1977.

John C. Moricoli, Jr., Oklahoma City, Okl., for plaintiff.

Charles S. Holmes, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for alleged breach of contract in which Plaintiff seeks to recover money Defendant allegedly owes Plaintiff for the purchase of equipment. It is asserted that this Court has diversity jurisdiction of the action pursuant to 28 U.S.C. § 1332. Plaintiff is a Delaware corporation with its principal place of business in Houston, Texas. Defendant is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Plaintiff alleges that the agreement involved in this action was entered into in Oklahoma City; Defendant contends the alleged agreement was entered into in Tulsa, Oklahoma.

Pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss for Improper Venue. Plaintiff's Motion is supported by a Brief and Affidavit. Plaintiff has filed a Brief and Affidavit in Response to said Motion. Defendant's contention is that this Court is not the proper venue for this action as the alleged agreement was entered into in Tulsa and as Defendant does not transact business in this District. Defendant urges that the proper venue for this action would be the Northern District of Oklahoma.

The correct basis for venue in this action is set out in 28 U.S.C. § 1391. This provision provides in pertinent part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This latter section has been held to constitute the definition of corporate "residence" applicable in determining same under the diversity venue provisions of § 1391(a). *Pure Oil Co. v. Suarez*, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). Both parties to the instant action are corporations. As an Oklahoma corporation, Defendant is licensed to do business throughout the state. 18 Oklahoma Statutes 1971 § 1.19(5).

For venue purposes, a corporation is a resident of any district in which it is incorporated, or licensed to do business, or is doing business. *First Security Bank of Utah v. Aetna Cas. & Sur. Co.*, 541 F.2d 869 (Tenth Cir. 1976). Accordingly, Defendant resides in all districts of Oklahoma for purposes of establishing venue. On this basis, venue is proper in this Court under 28 U.S.C. § 1391. Defendant's Motion to Dismiss for Improper Venue should be denied.

Defendant will answer the Complaint herein within ten (10) days from the date hereof.