Edward I. JOHNSON, Administrator C.T.A. of the Estate of Edward Sullivan, Deceased

v.

B. G. COON CONSTRUCTION CO., Inc.

and

The United Gas Improvement Company

and

Oliver Rome, Bert Andrews, and George Andrews, Individuals and co-partners trading as Standard Coach Co.

Civ. A. No. 27246.

United States District Court E. D. Pennsylvania.

March 18, 1960.

Bank & Minehart, Melvin Alan Bank, Philadelphia, Pa., for plaintiff.

White & Williams, Jan E. DuBois, Philadelphia, Pa., for B. G. Coon Const. Co., Inc.

Morgan, Lewis & Bockius, Richard P. Brown, Jr., Philadelphia, Pa., for the United Gas Improvement Co.

Thomas E. Comber, Jr., Philadelphia, Pa., for Oliver Rome and others.

KRAFT, District Judge.

Plaintiff, a New Jersey citizen, instituted this action under the Pennsylvania wrongful death and survival statutes, alleging that the death of plaintiff's decedent resulted from defendant's negligent acts or omissions in the Middle District of Pennsylvania.

The two corporate defendants filed the motions now before us. B. G. Coon Construction Co., Inc. ("Coon") has moved to dismiss the action for improper venue or to transfer it to the Middle District of Pennsylvania. The United Gas Improvement Company ("U.G.I.") *and* Coon have moved to transfer the action to the Middle District for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C.A. § 1404(a).

One defendant, Coon, is a Pennsylvania corporation with its principal and only place of business in the Middle District of Pennsylvania. Another defendant, U.G.I., is a Pennsylvania corporation with its principal place of business in the Eastern District, which regularly does business as well in the Middle District of Pennsylvania. Defendants Oliver Rome, Bert Andrews and George Andrews, individuals and co-partners trading as Standard Coach Co., are residents of the Middle District of Pennsylvania.

Coon contends that the Middle District of Pennsylvania is the only district in this state in which proper venue can be laid, since that is the only district where, for venue purposes, all the defendants reside. 28 U.S.C.A. § 1391 (a, c).

The plaintiff relies on the fact that venue as against U.G.I. alone is properly laid in the Eastern District. He contends, therefore, that venue is also laid in this district against the remaining defendants under 28 U.S.C.A. § 1392(a), which provides that:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

The precise question before us was decided, adversely to the plaintiff's contention, in Hawks v. Maryland & Pennsylvania R. Co., D.C.E.D.Pa.1950, 90 F.Supp. 284. There, the plaintiff resided in the Middle District of Pennsylvania, and sustained accidental injuries in that district. One of the corporate defendants was doing business in both the Middle and Eastern Districts, and the other was doing business only in the Middle District. In holding that venue was improperly laid in the Eastern District, the Court said (at page 285):

"I do not see how Section 1392 gives the plaintiff any consolation. Section 1392 is based on Section 52 of the old Judicial Code. Section 52 was taken from parts of earlier statutes which divided certain states into two or more judicial districts. The purpose of this provision was and is to relieve a plaintiff from the necessity of bringing more than one suit if all the defendants who lived in one state did not reside in the same district. It is to be invoked only in those intrastate situations when the general venue statute would force the plaintiff to bring two or more suits. See Melvin Lloyd Co. v. Stonite Products Co., 3 Cir., 119 F.2d 883, 886, reversed but with similar historical analysis, 315 U.S. 561, 566, 62 S. Ct. 780, 86 L.Ed. 1026.

"In this case the defendants do not reside in different districts; they all reside in the Middle District of Pennsylvania. Consequently, Section 1392(a) does not apply."

We have read with care the plaintiff's brief and the many authorities cited therein. We are not persuaded that the Hawks case can be distinguished upon any ground favorable to the plaintiff.

Coon's motion to dismiss this action for improper venue will be denied, and, in exercise of the discretion vested in the Court under 28 U.S.C.A. § 1406(a), Coon's motion to transfer the action to the Middle District of Pennsylvania will be granted.

We are convinced, too, that, for the convenience of the parties and witnesses and in the interest of justice, removal to the Middle District under 28 U.S.C.A. § 1404(a) is warranted by the showing of both corporate defendants in support of their motions under that section.