Frank M. HALL, on behalf of himself and all others similarly situated, and on behalf of Cornwall Equities Limited, Plaintiff,

v.

Sol KITTAY et al., Defendants.

Civ. A. No. 74–259.

United States District Court, D. Delaware.

June 6, 1975.

Rodman Ward, Jr., and John H. Small, Prickett, Ward, Burt & Sanders, Wilmington, Del., and Lyman & Ash, Philadelphia, Pa., of counsel, for plaintiff.

E. D. Griffenberg, Jr., Richard E. Poole and Charles S. McDowell, Potter, Anderson & Corroon, Wilmington, Del., and Gary J. Greenberg, Stroock, Stroock & Lavan, New York City, of counsel, for defendants Cornwall Equities, Limited, Kittay, Kossar, Rubenstein, Taub and Tessler.

## MEMORANDUM OPINION AND ORDER

LATCHUM, Chief Judge.

This action is brought by Dr. Frank M. Hall, a citizen of Vancouver, British Columbia and a stockholder of Cornwall Equities, Limited[1] ("Cornwall"), a Delaware corporation, whose principal place of business is New York City, New York. The second amended complaint ("complaint"), asserts representative claims on behalf of plaintiff and all other Cornwall shareholders similarly situated. It also alleges derivative claims on behalf of Cornwall against nine of its directors, the named defendants.[2]

More particularly Count I of the complaint alleges that the proxy solicitation made in connection with the October 17, 1974 election of Cornwall directors was materially misleading in violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Act") and Rule 14a–9 thereunder. Count II alleges that the Cornwall tender offer of November 21, 1974 to its public stockholders was materially misleading in violation of Sections 14(e) and 10(b) of the Act and Rule 10b–5 thereunder. Count III alleges that the defendants' actions in connection with the proxy statements for the election of directors and the subsequent tender offer amounted to a conspiracy to defraud the class of Cornwall stockholders represented by the plaintiff and violated Section 10(b) of the Act and Rule 10b–5 thereunder. Count IV alleges an agreement between Kittay and Slater, Walker Securities Limited made at the time Kittay purchased the block of Slater Walker (now Cornwall) shares, whereby Kittay, as a Cornwall stockholder, agreed to use his best efforts to cause Cornwall to eliminate the conversion privilege and increase the interest rate with respect to certain Cornwall notes held by Slater, Walker Securities Limited to Cornwall's detriment and Kittay's benefit contrary to Delaware law. Count V alleges that Cornwall assets have been expended in connection with allegedly illegal transactions in vio-

1. Prior to October 17, 1973 Cornwall was known as Slater Walker of America, Limited.

2. The named director-defendants are: Sol Kittay, S. Green, A. Heiman, W. D. Kimbrell, B. R. Kossar, A. Rubenstein, J. Taub, A. R. Tessler, and L. Van Praag. Of these defendants only Kittay, Kossar, Rubenstein, Taub and Tessler have appeared and joined in the motion to transfer with Cornwall. The remaining named director-defendants have apparently never been served with process and have not appeared in this action.

lation of the Act and Delaware corporation law.

The relief requested is that: (a) all proxies solicited for the October 17, 1974 meeting for the election of directors be voided, (b) all director positions be declared vacant and a receiver appointed to conduct Cornwall's affairs pending a new election, (c) defendants be enjoined from taking any action to "impair the continued trading and listing of Cornwall stock on the [New York Stock] Exchange," (d) defendants be enjoined from "carrying out any acts designed to force the class to relinquish its share ownership in Cornwall," (e) defendants be enjoined from making any alteration in the terms of Cornwall notes held by Slater, Walker Securities Limited other than those approved by the Court, and (f) the Court award compensatory and punitive damages for the class members and Cornwall and allow costs and attorneys' fees to the plaintiff.

The case is now before the Court on defendants' motion to transfer the action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York (the "New York court").

Section 1404(a) provides, in pertinent part:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."

There is no question but that this suit, based on violations of the Securities Exchange Act of 1934, could have been brought in the United States District Court for the Southern District of New York, 15 U.S.C. § 78aa; Jacobs v. Tenney, 316 F.Supp. 151, 168 (D.Del. 1970), and indeed the plaintiff does not contest that this Court has the *power* to transfer the case as a matter of discretion.

Since the Court has the power to transfer, the question becomes whether there has been a sufficient showing, in the light of the statutory criteria, to cause this Court in the exercise of discretion to transfer this action to the New York court.

 *Convenience of the parties.* The plaintiff is a resident of Vancouver, British Columbia and the class that he seeks to represent consists of about 1,400 persons, a substantial number of whom reside throughout the United States and Canada. As far as plaintiff's personal convenience is concerned, it would make very little difference whether the case remains in Delaware or is transferred to New York; in all likelihood it is probably more convenient to reach New York City from Vancouver than it is to reach Wilmington. Furthermore plaintiff's choice of forum, while a factor to be considered, becomes substantially less important when he sues on behalf of a large and scattered class. Firmani v. Clarke, 325 F.Supp. 689, 691 (D.Del.1971); Cf. Koster v. Lumbermans Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). On the other hand, the record shows that Cornwall's principal business offices are in New York City and its sole contact with Delaware is that it is incorporated here. The only executive operators of Cornwall are Sol Kittay, Chairman of the Board, and J. Taub, Executive Vice President and Treasurer, both of whom are moving defendants in this action. Cornwall's only operating division is the Franklin Stores Division, whose offices are also in New York and Franklin's chief operating executives are the moving defendants, A. Rubenstein, President, and B. R. Kossar, Executive Vice President and Treasurer. All of the moving defendants, except Rubenstein, live in New York and Rubenstein resides in a Connecticut suburb of New York. All of these officers are concerned daily with the operation of the Cornwall business activities.

Moreover, virtually all of the transactions and events of which complaint is made took place in New York. Moreover, most if not all of the documents relating to the transactions involved are located in New York and none are in Delaware.

Balancing the above considerations, it appears from the standpoint of the parties' convenience that the scales are tipped in favor of transfer.

■ *Convenience of Witnesses.* The present record indicates that the testimony of two non-party sources may be presented at trial. Those are employees and officers of the New York Stock Exchange, Inc. ("NYSE") located in New York City and the personnel of the Securities and Exchange Commission ("SEC") headquartered in Washington, D.C. From an examination of the affidavits filed, it appears that the greater amount of discovery and testimony from the issues raised by this litigation will come from the NYSE and to a much lesser extent from the SEC. On this analysis, the Court concludes the witness' convenience is slightly tipped in favor of New York.

*Interest of Justice.* Turning now to the third criterion for transfer, "the interest of justice," a number of significant factors point to a transfer to the New York court. A case purportedly brought as a class action complaining of substantially the same acts and transactions as the present case is pending now in the New York court. The New York action is captioned Kreindler v. Cornwall Equities, Limited et al. (74 Civ. 5250). It was filed just prior to this litigation. Both cases are apparently in about the same stage and posture.

A transfer of the case to New York would satisfy the interest of justice for a number of reasons:

■ (1) It would reduce the cost of litigation for both parties by minimizing travel and related expenses, and for defendants in particular by eliminating the necessity of counsel in two different fora defending against substantially the same claims. *See* Nocona Leather Goods Co. v. A. G. Spaulding & Bros., Inc., 159 F.Supp. 269, 271 (D.Del.1957).

■ (2) It will permit easier access to the documentary evidence. *See* Jahncke Service, Inc. v. OKC Corp., 301 F.Supp. 866, 868 (D.Del.1969).

■ (3) It will ensure the live testimony of third-party witnesses from the NYSE regarding the delisting issue which is a major aspect of the alleged "conspiracy" to take Cornwall "private."

■ (4) It will conserve judicial resources by permitting one judge to try (and probably consolidate, at least for discovery) this case and the nearly identical and earlier filed *Kreindler* case which is currently pending in the New York court. *See* Jacobs v. Tenney, 316 F.Supp. 151, 169 (D.Del.1970).

■ (5) It will avoid the possibility of overlapping and competing class actions involving the same claims. *See* Firmani v. Clarke, 325 F.Supp. 689, 693 (D.Del.1971).

■ (6) It will avoid inconsistent results on the merits. *See* Firmani v. Clarke, *supra.*

The plaintiff does not seriously dispute that the above considerations favor transfer. Instead, he places reliance on two other factors: (1) the existence of unsettled questions of Delaware corporate law and (2) the congestion in the New York court and the claim that the *Kreindler* action is not being vigorously prosecuted.

■ The Court is unable to conclude that these considerations outweigh those which favor transfer. First, this Court does not find on the present record that there has been any lack of vigor in the prosecution of the *Kreindler* action. But even if this were the case, this Court believes the attorneys for the transferred case would carry their vigor to New York in pursuing their pre-trial discovery and pressing to bring the action to trial even if the two cases were consolidated. Second, the mere possibility of reaching trial in a shorter space of time in Delaware (conjectural at most) does not justify the denial of a transfer motion which is otherwise called for under the standards of § 1404(a). *See* General Electric Co. v. Westinghouse Electric Corp., 294 F. Supp. 36 (D.Del.1968); Pharma-Craft Corp. v. F. W. Woolworth Co., 144 F.

Supp. 298, 308 (M.D.Ga.1956), aff'd, 236 F.2d 911 (C.A. 5 1956). Finally, plaintiff's emphasis that this Court would have greater expertise in applying Delaware law to the pendent state law claims is exaggerated. Of course, this is a factor to be considered but any uncertainty regarding Delaware corporate law is not conclusive of a transfer motion. Van Dusen v. Barrack, 376 U.S. 612, 645–646, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The New York court has often demonstrated its grasp of Delaware law with respect to fiduciary duties of corporate officers and directors. *See, e. g.,* Davidge v. White, 377 F.Supp. 1084, 1088–1090 (S.D.N.Y.1974) and Green v. Santa Fe Industries, Inc., 391 F.Supp. 849 (S. D.N.Y.1975).

Having weighed the relevant factors outlined in § 1404(a), the Court concludes that this action should be transferred to the United States District Court for the Southern District of New York.[3]

---

3. In view of the transfer, the plaintiff's pending Rule 23 motion for a definitive determination of the class (Docket Item 28) should be addressed to the transferee court. In re Plumbing Fixtures Cases, 308 F.Supp. 242, 243–244 (Jud.Pan.Mult.Lit. 1970), re-affirming, 298 F.Supp. 484, 496 (Jud.Pan. Mult.Lit. 1968), as well as plaintiff's pending motion to compel discovery (Docket Item 50). McDonnell Douglas Corp. v. Polin, 429 F.2d 30 (C.A. 3, 1970).