**BURBANK INTERNATIONAL, LTD. and P. T. Tri Usaha Bhakti**

v.

**GULF CONSOLIDATED INTERNATIONAL INC.**

No. CA3–77–0855–F.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 7, 1977.

William D. Sims, Jr., and Charles A. Gall, Jenkens & Gilchrist, Dallas, Tex., for plaintiffs.

Richard A. Sayles, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Tex., Stephen R. Kirklin, Childs, Fortenbach, Beck & Guyton, Steven A. Buxbaum, Houston, Tex., for defendant.

ROBERT W. PORTER, District Judge.

This tale of two cities arises under the venue provisions of 28 U.S.C. § 1391(c) and the venue transfer provisions of 28 U.S.C. § 1404(a). Plaintiffs Burbank International, Ltd. ("Burbank") and P. T. Tri Usaha Bhakti ("Truba") filed this action in the Northern District of Texas, Dallas Division, against Gulf Consolidated International, Inc. to recover contractual or quantum meruit damages for breach of an alleged oral agreement between Burbank and Truba with Gulf whereby Burbank and Truba would act as sales representatives for Gulf in Indonesia. Jurisdiction is grounded solely upon diversity of citizenship under 28 U.S.C. § 1332. Defendant Gulf has moved for a dismissal for lack of venue, or, in the alternative, for transfer to the Southern District of Texas, Houston Division, for the convenience of the Defendant and its witnesses.

A civil action founded solely on diversity jurisdiction may be brought in one of three locations: (1) the judicial district where all the Plaintiffs reside; (2) the judicial district where all of the Defendants reside; or (3) the judicial district where the claim arose. 28 U.S.C. § 1391(a). A corporation may be sued in either: (1) any judicial district in the state in which it is incorporated; (2) any judicial district in which the corporation is licensed to do business; or (3) any judicial district in which the corporation is doing business. 28 U.S.C. § 1391(c).

■ Burbank is a corporation organized and existing under the laws of New Hebrides, with its principal office located in New York, N. Y. Truba is a corporation organized and existing under the laws of Indonesia, with its principal office located in Jakarta, Indonesia. Gulf is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas. Defendant Gulf conducts no business and has no agents or employees in the Northern District of Texas. Gulf transacts all of its business in the State of Texas within the Southern District of Texas, Houston Division. Plaintiffs Burbank and Truba properly selected the Northern District of Texas,

Dallas Division, as the venue for this case only if a corporation may be sued in any district in the State of its incorporation. Gulf argues that a corporation may only be sued within the State of its incorporation in the District in which it is actually doing business.

The Courts and commentators have split in authority on the question of whether a corporation may properly be sued under 28 U.S.C. § 1391(c) in any district within the State of its incorporation.[1] The Fifth Circuit recently decided the question in this circuit in *Davis v. Hill Engineering, Inc.,* 549 F.2d 314, 323 (5th Cir. 1977) and agreed with the District Court and commentators ". . . that have concluded that venue is proper under Section 1391(c) . . in every district of the state in which a defendant corporation is incorporated."[2] Proper venue exists in the Northern District of Texas, Dallas Division under 28 U.S.C. § 1391(c). *Davis, supra.*

■ A district Court may transfer any civil action to any other district or division where it otherwise might have been brought for the convenience of the parties or in the interest of justice. 28 `U.S.C. § 1404(a). The trial judge, under appropriate circumstances, should consider a variety of factors that other courts have utilized in deciding venue motions. The prolific litigation in this area of the law has resulted in conflicting decisions by the courts about the permissible factors of consideration and the correct weight that should be assigned to each factor by the trial judge in reaching his final decision.[3] No attempt should be made to limit the scope of the judge's review to a catalogue of permissible considerations, and the weight given to the factors by the judge will necessarily vary from case to case. "Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy." *Gulf Oil Corporation v. Gilbert,*

1. See *Davis v. Hill Engineering Inc.,* 549 F.2d 314, n. 5, 6 (5th Cir. 1977). Judge Varner described the opposing views as follows in *Fuller & Dees Marketing Group, Inc. v. Outstanding American High School Students,* 335 F.Supp. 913, 914–15 (M.D.Ala.1972):

"Both parties concede that authorities are strongly divided. See generally 1, Barron & Holtzoff, Federal Practice and Procedure, Sec. 80 at 386 (Wright Ed. 1960 and 1968 Supp.); 1 Moore, Federal Practice, Para. 0.142 (5.–3) at 1494–96 (1960 rev.) Some courts hold that, where a corporation is incorporated or licensed to do business in a multi-district state, they thereby have legal authority to do business in every district in the state and are, therefore, subject to suit in every district in that state. *Baksay v. Rensellear Polytech Institute,* 281 F.Supp. 1007 (S.D.N.Y.1968); *Carson v. Vance Trucking Lines, Inc.,* 245 F.Supp. 13 (W.D.S.C. 1965); *De George v. Mandata Poultry Co.,* 196 F.Supp. 192 (E.D.Pa.1961); *Minter v. Fowler & Williams, Inc.,* 194 F.Supp. 660 (E.D.Pa.1961); *Johnstone v. New York County Gas Co.,* 193 F.Supp. 709 (E.D.Pa.1961); *Garbe v. Humiston-Keeling & Co.,* 143 F.Supp. 776 (E.D.Ill.1956), *rev'd on other grounds,* 242 F.2d 923 (7th Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 70, 2 L.Ed.2d 55 (1957); *Hintz v. Austenal Laboratories, Inc.,* 105 F.Supp. 187 (E.D.N.Y.1952). *Cf. Vance Trucking Co. v. Canal Ins. Co.,* 338 F.2d 943 (4th Cir. 1964). Equally respectable authorities have held that a corporation, incorporated or licensed in a multi-district state, is a resident of, and therefore, subject to suit only in the districts in which it does business. *Jos-*

car Co. v. Consolidated Sun Ray, Inc.,* 212 F.Supp. 634 (E.D.N.Y.1963); *Westerman v. Grow,* 198 F.Supp. 307 (S.D.N.Y.1961); *Johnson v. B. G. Coon Construction Co.,* 195 F.Supp. 197 (E.D.Pa.1960); *Sawyer v. Soaring Society of America,* 180 F.Supp. 209 (S.D.N.Y. 1960); *Jacobson v. Indianapolis Power & Light Co.,* 163 F.Supp. 218 (N.D.Ind.1958); *Cf. Torres v. Continental Bus System, Inc.,* 204 F.Supp. 347 (S.D.Tex.1962). The wealth of authority on both sides of the question compels the conclusion that the statute is ambiguous, and a court, construing the statute, must search for the intent of Congress."

2. *Davis v. Hill Engineering Inc.,* 549 F.2d 314, 323–324 (5th Cir. 1977).

3. Courts, for example have reached different results in deciding: (1) whether it is important that a forum apply familiar law, *Atlantic Richfield Co. v. Stearns-Roger, Inc.,* 379 F.Supp. 869 (E.D.Pa.1974) (Little weight accorded application of foreign law); *Scaramuzzo v. American Flyers Airline Corp.,* 260 F.Supp. 746 (E.D.N.Y. 1966) (Proper factor to consider); (2) whether the convenience of counsel may be considered by the trial judge in the venue transfer decision, *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.,* 344 F.Supp. 1267 (S.D.N.Y.1972) (minor factor); *Mobil Oil Corp. v. W. R. Grace & Co.,* 334 F.Supp. 117 (S.D.Tex.1971) (Convenience of counsel bears on convenience of parties).

330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946).[4] The 160 pages of annotations to 28 U.S.C. § 1404 indicate that most federal district courts have attempted to comply with this dictum. 28 U.S.C.A. § 1404.

Gulf asserts that the forum selected by Burbank and Truba inconveniences the Defendant because: (1) Plaintiffs are not residents of the Northern District of Texas and none of the acts alleged in Plaintiffs' complaint occurred in the Northern District of Texas; (2) none of the witnesses expected to be called by the Plaintiffs reside in the Northern District of Texas, and (3) most of the records and witnesses of the Defendant are located in Houston, Texas and would have to be transported to Dallas, Texas for trial.

▮ The Defendant has the burden of producing evidence that the forum should be changed to another location and the burden of proof on this issue. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966).

As a general rule, the Plaintiff's choice of forum is favored in resolving disputes under 28 U.S.C. § 1404(a). *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This court has interpreted *Gulf Oil* to mean that the Defendant must produce substantial evidence to warrant a change of venue and other courts, although not explicitly acknowledging adherence to this standard, appear to follow it when analyzing the facts in venue cases. In light of the Fifth Circuit's recent decision in *Davis v. Hill Engineering, Inc.,* permitting proper venue under 28 U.S.C. § 1391(c) in any district within the state of incorporation of a defendant corporation, this court believes that in this type of situation a Plaintiff's choice of forum should not receive paramount consideration. The Defendant still has the burden of proof to show that the forum selected by Plaintiff should be changed to another permissible location, but the Court will apply a prepon-

---

4. The Supreme Court included a partial list of considerations in *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946).

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The Court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex', 'harass', or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is

an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Other cases on these and other factors include: minor plaintiff, *Swanson v. Badger Mutual Ins. Co.,* 275 F.Supp. 544, 548 (N.D.Ill. 1967) (courts should be careful of granting change of venue); state law, *Wright v. American Flyers Airline Corp.,* 263 F.Supp. 865, 867 (D.S.C.1967) (in diversity case forum familiar with state law preferred); third party, *Popkin v. Eastern Air Lines, Inc.,* 253 F.Supp. 244 (E.D.Pa.1966) (Ability to join third parties in transferee forum); source of evidence, *Polin v. Conductron Corp.,* 340 F.Supp. 602, 605 (E.D. Pa.1972); overcrowded calendar docket, *Xerox Corporation v. Litton Industries,* 353 F.Supp. 412 (S.D.N.Y.1973); court convenience, *Pfizer v. Lord,* 447 F.2d 122 (2nd Cir. 1971) (Not usually factor but no abuse of discretion); distance, *Arnold v. Smith Motor Co.,* 389 F.Supp. 1020 (N.D.Iowa 1974) (Not a factor, but note that courts will consider expense of litigation, and distance will affect costs); expense of litigation, *Hall v. Kittay,* 396 F.Supp. 261 (D.Del. 1975) (Reduction of costs at transferee location); similar actions pending in same court, *Hall, supra*; plaintiff may change venue *Harry Rich Corp. v. Curtiss-Wright Corp.,* 308 F.Supp. 1114 (S.D.N.Y.1969).

derance of the evidence standard to evaluate the facts, rather than requiring the Defendant to produce substantial evidence and meet a more difficult burden. This Court recognizes that in a large multi-district state like Texas, a Plaintiff could severely handicap a corporation by suing the corporation far from its place of business.

■ The Plaintiffs in this case sued the Defendant, a Texas corporation, in a district other than a district in which Defendant corporation was doing business. Plaintiffs are not residents of the Northern District of Texas, and the cause of action did not arise in the Northern District of Texas. Defendant has designated eleven witnesses, all located in the Southern District of Texas, that it expects to testify at trial and who will be inconvenienced by having the trial occur in the Northern District. The absence of some of these witnesses, who are key employees of Gulf, from the Houston area may hamper Defendant's business activities. Most of the documents that will have to be produced at the trial are located in Houston, Texas, in the Southern District of Texas, and Gulf will incur great expense in transporting these documents to Dallas. These facts are set forth in an affidavit attached to Defendant's motion to transfer. It is undisputed that Gulf does business in the Southern District of Texas, Houston Division and that this case might have been brought in that district. 28 U.S.C. § 1391(c); 28 U.S.C. § 1404(a).

Plaintiffs have filed a counter affidavit in which it is stated that two of Plaintiffs' witnesses reside in the Northern District of Texas, and would be inconvenienced by trial in the Southern District of Texas. One witness is a director and chairman of Burbank who was personally involved in the initial contacts between Gulf and Burbank which resulted in Burbank procuring substantial orders for Plaintiffs' goods in the Indonesia market. The other witness, over whom Plaintiff maintains no control, was a director of Burbank at the time the transactions involved in this lawsuit occurred but is no longer a director, officer or employee. This witness was personally involved in numerous conversations with Gulf concerning sales in Indonesia and commissions to be paid Plaintiffs, and would be called to testify on these matters.

The Court has considered the fact that Plaintiff may be forced to try this case in a forum where at least one important plaintiff witness may not be compelled to attend, *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247 (D.C.N.Y. 1974), and that two plaintiff witnesses would be inconvenienced by trial in the Southern District of Texas, *Alabama Great Southern Ry. Co. v. Allied Chemical Co.*, 312 F.Supp. 3 (D.C.Va.1970),[5] but the plaintiffs' choice of forum does not receive paramount consideration in this type of case. The Defendant has listed a large number of witnesses who will be inconvenienced by trial in the Northern District of Texas, the cause of action did not arise in the Northern District, the Plaintiffs are not residents of the Northern District, and the Defendant does no business in this district. Transfer to the Southern District of Texas will also reduce the cost of litigation. *Hall v. Kittay*, 396 F.Supp. 261 (D.C.Del.1975). The Defendant has carried its burden of demonstrating to the Court that the case should be transferred to the Southern District of Texas, Houston Division.

5. After this case was transferred to the Southern District of Mississippi from the Eastern District of Virginia, Judge Dan Russell granted defendant's motion for summary judgment in an unreported decision. Plaintiff successfully appealed this dismissal. *Alabama Great Southern Railway Co. v. Allied Chemical Corp.*, 467 F.2d 679 (5th Cir. 1972). The case summary to this Fifth Circuit opinion erroneously cited Judge Merhige's reported opinion which transferred the case to the Southern District of Mississippi and attributed that opinion to Judge Russell. This mistake was repeated in Shepherd's Federal Citations, Supplement 1969–1975 where it indicates that Judge Mehrige's order was reversed. The Fifth Circuit opinion actually deals only with Judge Russell's decision on the merits of the case.

After remand to Judge Russell, the case was appealed again. *Alabama Great Southern Railroad Co. v. Allied Chemical Corp.*, 501 F.2d 94 (5th Cir. 1974) and the panel opinion reversing the district court on direct appeal was adopted by the en banc court of the Fifth Circuit. 509 F.2d 539 (5th Cir. 1975) (per curiam).

**824**

It is ordered that this case should be transferred to the Southern District of Texas, Houston Division, for the reasons stated above.