**Troy JACKSON, Plaintiff,**

v.

**PHELPS COUNTY REGIONAL MEDICAL CENTER, et al., Defendants.**

No. 88–4346–CV–W–9.

United States District Court, W.D. Missouri, C.D.

Dec. 16, 1988.

Brad Lockenvitz, Linn, Mo., for plaintiff.

W.H. Thomas, Jr., Rolla, Mo., for Phelps County Regional Medical Center.

Ronald McMillin, Jefferson City, Mo., Hamp Ford, Columbia, Mo., for defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE**

BARTLETT, District Judge.

On September 2, 1988, defendants filed a Motion to Dismiss For Improper Venue.

1. Under Indiana's "modified" comparative fault system, a plaintiff's contributory negligence does not bar recovery completely but merely reduces the amount of damages the plaintiff may recover in proportion to her degree of fault as long as the plaintiff's negligence does not exceed 50% of the total fault. *Walters v. Dean*, 497 N.E.2d 247, 254 (Ind.App.1986).

Although the Indiana Comparative Fault Act contains a governmental entity exception, I.C. § 34–4–33–8, which precludes application of the comparative fault statute to governmental entities, this exemption does not apply to suits against the federal government under the FTCA because the FTCA imposes liability upon the federal government in the same manner and to the same extent that liability would be imposed upon a private individual. 28 U.S.C. §§ 1346(b), 2674; *Wright v. United States*, 719 F.2d 1032, 1034–35 (9th Cir.1983); *Johns–Manville Sales Corp. v. United States*, 622 F.Supp. 443, 445 and n. 4 (N.D.Cal.1985).

Plaintiff filed his response on October 17, 1988.

All defendants, consisting of the Phelps County Regional Medical Center, Hospital Management Professionals, Inc., Ellsworth Adams, Smith Gaddy, Fred Hoertel (deceased), Jean Hentzel and William A. Stolz, claim to reside in the Eastern District of Missouri. Furthermore, defendants assert that the claim arose in the Eastern District of Missouri.

Based on these assertions, defendants claim that venue in the Western District of Missouri is improper under 28 U.S.C. § 1391(b) which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Plaintiff argues that venue is proper in the Western District pursuant to 28 U.S.C. § 1391(c) and § 1392(a). Plaintiff asserts that defendant Hospital Management Professionals, Inc. is a resident of the Western District because it is licensed to do business in all of Missouri. Therefore, pursuant to 28 U.S.C. § 1392(a) plaintiff claims venue is proper in the Western District because actions brought against defendants residing in different districts in the same state may be brought in any of such districts. Section 1391(c) states:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Defendant Hospital Management, Inc. does not dispute that it is licensed to do business in the entire State of Missouri.

The plain terms of § 1391(c) compel the conclusion that because Hospital Management, Inc. is licensed to do business in the entire State of Missouri, Hospital Management, Inc. is a resident of both the Eastern and Western Districts for venue purposes. A corporation licensed to do business in an entire state is amenable to suit in any district in the state. *First Security Bank of Utah v. Aetna Cas. &*

*Sur. Co.,* 541 F.2d 869, 871–2 (10th Cir. 1976); *See Also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3811 Ch. 8, p. 111–113. Although this result may present a hardship to a corporate defendant forced to litigate in a district where it never has done business, the terms of § 1391(c) are clear. Considerations of hardship or inconvenience may be addressed under statutes authorizing a change of venue. *First Security Bank,* 541 F.2d at 872. *See also, Davis v. Hill Engineering, Inc.,* 549 F.2d 314, 323 (5th Cir.1977).

Although § 1391(b), upon which defendants rely, would suggest that this suit could only be brought in the district where all defendants reside or where the claim arose, the last phrase of § 1391(b), "except as otherwise provided by law," incorporates § 1392(a). Section 1392(a) authorizes suit in a district in which any of the defendants reside if the action is brought against defendants residing in different districts in the same state. Because defendant Hospital Management Professionals, Inc. reside in the Eastern and Western Districts, venue in the Western District is proper.

Accordingly, it is hereby ORDERED that defendants motion to dismiss for improper venue is denied.